UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LARRY BRATTON,

                                                 Plaintiff,

-against-                                            9:04-CV-748

ELIOT SPITZER, BELINDA
WAGNER, and KRISTA ROCK,

                                                 Defendants.

---

### DECISION & ORDER

Hood, D.J.:[*]

    In this action, commenced *pro se*, Plaintiff Larry Bratton alleges constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendants' motion to dismiss [Dkt. # 3]. Plaintiff filed a response to Defendants' motion [Dkt. # 10] to which Defendants replied [Dkt. # 11]. This matter is now ripe for review.

### FACTUAL BACKGROUND

    In 2002, also in this district, Plaintiff filed suit against various New York Department of Corrections ("DOCS") officials alleging deliberate indifference arising out of his medical treatment while incarcerated. *Bratton v. Goord*, No. 02-cv-185. In such lawsuit, Plaintiff generally alleged that prison officials'

---

[*]Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

failure to transfer Plaintiff to New York State Willard Drug Treatment Program ("Willard") in a prompt manner resulted in damage to his liver. Assistant Attorney General Krista Rock ("Rock"), a Defendant in *this* cause of action, was assigned to represent the DOCS defendants in the deliberate indifference case. Plaintiff likewise filed a cause of action in the New York State Court of Claims arising out of the same allegations. Assistant Attorney General Belinda Wagner ("Wagner"), also a Defendant in *this* cause of action, was assigned to represent the DOCS defendants in the state court action.

On March 31, 2004, Plaintiff was deposed in both cases. At the deposition, Defendants Rock and Wagner questioned Plaintiff about several statements contained in the records from his substance abuse treatment at Willard. Defendants Rock and Wagner likewise questioned Plaintiff about his past alcohol and drug abuse in an attempt to determine alternate causes for his liver condition. Plaintiff's instant complaint alleges that Defendants' possession and use of his substance abuse records from Willard at the March 31, 2004 deposition violated his constitutional right to confidentiality.

## PROCEDURAL BACKGROUND

In response to the instant motion to dismiss, Plaintiff submitted a "supplemental complaint" in which he attempted to allege claims against additional defendants. On December 6, 2004,

2

the Court entered an Order rejecting Plaintiff's attempt to file a "supplemental" complaint and instructed Plaintiff that any attempt to add defendants to the cause of action must come in the form of a motion to amend. The Order did not indicate any date by which Plaintiff had to file an amended complaint.

Plaintiff then sought an extension of time to file an amended complaint, which this Court denied on grounds that no deadline had been imposed in the first place. The Court then informed Plaintiff that he could file a motion to amend at any time that the cause of action remained on the active docket and that the Court would address the merits of a motion to amend upon its filing. Despite the Court's instructions to Plaintiff regarding the proper way to add defendants to the instant cause of action, however, Plaintiff has not filed an amended complaint. Accordingly, the Court will address the instant motion to dismiss solely in the context of the claims contained in Plaintiff's original civil rights complaint.

## STANDARD OF REVIEW

A court considering a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) must accept as true the factual allegations in the plaintiff's complaint and must draw all reasonable factual inferences in the non-movant's favor. *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004). Dismissal is appropriate only where the plaintiff cannot prove any set of facts that would entitle him

to relief. *Id.* A court considering a *pro se* complaint must construe it more liberally than that of a plaintiff represented by counsel, *Branham v. Meachum*, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, district courts should give *pro se* plaintiffs an opportunity to amend at least once prior to dismissing a complaint for failure to state a claim "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002)(quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

## DISCUSSION

The constitutional right to privacy protects "'the individual interest in avoiding disclosure of personal matters.'" *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994)(quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). This right is more accurately characterized as a right to "confidentiality," *id.* (citing *Whalen*, 429 U.S. at 599-600), and includes protection from the unlawful dissemination of medical information. *Id.* (citing *Schachter v. Whalen*, 581 F.2d 35, 36-37 (2d Cir. 1978)).

On the other hand, "[i]t is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials." *Woods v. Goord*, No. 01 Civ. 3255, 2002 WL 731691, at *11 (S.D.N.Y. Apr. 23, 2002)(citing *Gill v. Gilder*, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). Under such

4

circumstances, when a plaintiff "put[s] his medical condition in issue in a lawsuit," the plaintiff has "waived all rights to privacy in his medical records." *Id.*

It is without question that Plaintiff put his medical condition at issue by filing suit in Civil Action 02-185. Moreover, by alleging damage to his liver resulting from the conduct of prison officials, Plaintiff put his liver condition specifically at issue. Therefore, the defendants in that case are entitled to pursue, by counsel in this situation, other potential causes for the damage to Plaintiff's liver and may access Plaintiff's medical records, including his substance abuse treatment records, that are relevant to that issue.

It is additionally noteworthy that Magistrate Judge George H. Lowe has already spoken to the question of whether Plaintiff waived his right to confidentiality in his Willard records by filing suit. During discovery in Civil Action 02-185, Defendant Rock filed a motion for an order seeking a declaration that Plaintiff had waived his right to confidentiality by filing suit and alleging deliberate indifference to his health care needs and, specifically, by alleging damage to his liver. By Order of the Court entered on May 13, 2004, Magistrate Judge Lowe stated, "[I]t is hereby ORDERED, that plaintiff has waived any confidentiality in regard to his medical condition, care and treatment, including any substance abuse treatment received, during the time period relevant to the

instant litigation." [Dkt. # 61.]

This Court agrees that Plaintiff has waived his right to confidentiality. The only possession and/or disclosure of Plaintiff's Willard records alleged in Plaintiff's complaint occurred in connection with the defense of the claims against prison officials in Civil Action 02-185. As a result, Defendants are entitled to dismissal of all of Plaintiff's claims against them. Moreover, because even the most liberal reading of Plaintiff's complaint does not "give[] any indication that a valid claim might be stated,'" Plaintiff is not entitled to amend prior to dismissal. *Thompson*, 284 F.3d at 416.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

(1) that Defendants' motion to dismiss [Dkt. # 3] be, and the same hereby is, **GRANTED**; and

(2) that Plaintiff's complaint [Dkt. # 1] be, and the same hereby is, **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

Date: April 12, 2005

Joseph M. Hood, Judge
United States District Court

6